[File No. 6096.]

J. W. STURGEON, Respondent, v. OLE HANSON and C. B. Hanson. OLE HANSON, Appellant.

(245 N. W. 481.)

Opinion filed November 30, 1932.

*Theodore B. Torkelson,* for appellant.

*J. W. Sturgeon,* pro se, and *Crawford, Cain & Burnett,* for respondent.

BIRDZELL, J. In 1930 the defendant and appellant, Ole Hanson, was a dealer in sheep and resided at Bowman, North Dakota. The defendant C. B. Hanson, a resident of Dickinson, was a broker who sold sheep for others. The plaintiff, Sturgeon, was an attorney at law, practicing at Dickinson, and was also interested in farming and stock raising. C. B. Hanson, pursuant to authority from the defendant and appellant, entered into an agreement, dated September 6, 1930, to sell to Sturgeon 250 white-faced yearling ewes at $6.00 per head for delivery, f. o. b. cars at Belfield, on September 17, 1930. The contract was executed in duplicate and carried the signature of C. B. Hanson as seller, as well as that of Ole Hanson by C. B. Hanson. At the time the contract was made and delivered there was written into it the following expression as a part of the description: "These are the Terry yearlings." On September 17th, Sturgeon, having received no previous notice that they would not be delivered, went to Belfield for the purpose of receiving the sheep, but they were not delivered. He also caused to be present from points some distance away two farmers with whom he had made arrangements for the future care of the animals. He communicated with Ole Hanson by telephone and learned that, on account of the poor condition of the so-called Terry yearlings, Hanson did not care to ship them, and he agreed to get other good yearlings at the same price and ship them the following week. Again the defendant failed to ship the sheep and again the plaintiff made futile preparations to receive them. Later, to fulfill his requirements, the plaintiff purchased 250 ewes of the character described in the contract from another, being required to pay $6.50 per head. He brought the instant action against both Ole Hanson and C. B. Hanson to recover his damages. The latter defaulted. At the conclusion of the trial, the plaintiff moved for an instructed verdict against the answering defendant. The motion was granted. The defendant moved for judgment notwithstanding the verdict or for a new trial, which motion was denied. The instant appeal is from the judgment and from the order denying the defendant's motion.

The first contention of the appellant is that the district court erred in permitting C. B. Hanson to be called for cross-examination. There is no merit in this contention. The statute §.7870, Comp. Laws of 1913, permits a party to the record of any civil action or proceeding

to be examined upon the trial as if under cross-examination at the instance of the adverse party. C. B. Hanson was a party to the record and a person against whom the plaintiff had a prima facie right to obtain a judgment. It is a matter of no consequence, so far as the exercise of the statutory right is concerned, that this defendant was in default, or that during his examination it appeared he was not as reluctant to impart information and disclose the truth as he might have been if he had been disposed to resist the plaintiff's claim. The record shows, too, that the defendant later called C. B. Hanson as a witness; also, that there is no real controversy concerning any fact which the testimony of C. B. Hanson tends to prove and that the defendant was not prejudiced by the manner in which his testimony was elicited.

It is next contended that error was committed in permitting testimony over the appellant's objection concerning the descriptive words in the contract, "These are the Terry yearlings." It was the plaintiff's contention that these words were inserted by C. B. Hanson at the time of the execution and delivery of the contract, not with the view of binding him to the purchase of any particular ewes or of ewes taken from the particular band of sheep, otherwise spoken of as the Cunningham sheep, but that they were used as a direction to Ole Hanson. If any error was committed in this connection, it clearly appears that it could not possibly have been prejudicial, for Ole Hanson did not attempt to comply with the contract by shipping the Terry or Cunningham ewes. On the contrary, he declined to ship them because of their inferior quality and agreed to ship others, which he likewise failed to ship.

The testimony of Ole Hanson, when considered as a whole, shows that he did not construe the contract as binding the plaintiff to take the Cunningham ewes as the "Terry yearlings" in their inferior condition and as not necessarily relating to this particular band of sheep. According to the record and the appellant's own testimony, the plaintiff called him by long distance telephone and inquired as to the delay in delivery of the Terry yearlings, to which the defendant replied that on account of their inferior condition he could and would rather furnish other yearlings that would be better at the same price, and agreed to deliver them in a week or ten days at Belfield, North Dakota. Fur-

thermore, the term "Terry yearlings" in the circumstances existing at the execution of the contract was ambiguous, since it might have meant either the Cunningham sheep or any other sheep answering the description from the vicinity of Terry. The plaintiff had a right to show that the description was not limited to the particular sheep. The defendant's testimony shows, not only that he was not content to supply the Cunningham sheep in fulfillment of the contract, but that with a little indulgence as to time he could satisfy the contract by obtaining other sheep in that locality.

It is next contended that the judgment includes elements of damages which are not recoverable. By testimony on this subject the plaintiff established the value of the time which he lost, together with the expense incurred in attendance at the place where the sheep were to have been delivered and expenses incurred in finding sheep to take the place of those not delivered and the additional cost. The appellant concedes that the plaintiff is entitled to recover the difference between the contract price and the price the plaintiff had to pay to obtain other sheep answering the description of the contract, but claims that the other elements are too remote. There is merit as to some items of expense which were included, but, as we have determined to reduce the judgment sufficiently to exclude any questionable items, it is unnecessary to enter into any extended discussion. Clearly, the plaintiff can recover the reasonable expenses incurred by him in reliance upon the defendant's undertaking to deliver sheep at a specified time. One contemplating a delivery of livestock should expect that reasonable preparations would be made by the purchaser to receive them at the time and place of the contemplated delivery.

The appellant argues that, instead of directing a verdict in favor of the plaintiff, a verdict should have been directed in favor of the defendant, for the reason that the suit is not brought for the breach of the original contract but is an action for damages based upon the substituted oral agreement, which, it is said, is not enforceable on account of the statute of frauds. The defendant made no motion for a directed verdict, but we may properly assume, however, that he is nevertheless entitled to predicate error on the direction of a verdict for the plaintiff as involving the enforcement of a contract within the statute of frauds. The complaint shows that the action is not predicated upon

a contract required by the statute of frauds to be in writing and which is partly in writing and partly verbal. The cause of action pleaded is one for breach of the contract to deliver sheep on September 17th, which contract was in writing. True, the plaintiff, in itemizing the damages sustained, sets forth trips made "at later dates set by said defendants" for the purpose of receiving delivery. Giving the complaint a construction most favorable to the defendant in this respect, it shows reliance upon the written contract by the plaintiff, altered only to the extent that there might have been some indulgence as to the time of delivery. Such a modification relating to performance did not preclude the plaintiff from recovering damages for breach of the contract with respect to which the statute of frauds was satisfied. See 25 R. C. L. 710; Browne on the Statute of Frauds, § 423.

The defendant does not contend that, since he resisted plaintiff's motion for a directed verdict, it was error to direct the verdict. It was apparently the theory of the defendant at the trial that the only issue that need be submitted was whether or not the plaintiff waived performance of the written contract. We think there was no evidence from which it could properly be held that performance of this contract was waived. Defendant's admissions are to the contrary.

The record contains a letter written by the plaintiff, which may be properly construed as showing that his reasonable expense on account of the failure of the defendant to perform the contract did not exceed $100. In the verdict, as directed, the plaintiff was permitted to recover $152.25 on account of such expenses. In view of this letter, the plaintiff could not have complained if the jury had returned a verdict for $225. The judgment will be reduced by the amount of $52.25 and interest thereon and, as so reduced, affirmed, appellant to recover costs in this court.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.